

1  Thomas J. Gearing, Esq. (SBN 121473)
   Law Offices of Thomas J. Gearing
2  9000 South Las Vegas Blvd., Ste. 2060
   Las Vegas, NV 89123
3  Tel: (702) 837-0766
   Email: thomasgearing@aol.com
4

5  Attorneys for Plaintiffs ROSEMARY GEARING
   as Trustee of the T.J.G. Private Annuity Trust
6  and In Propria Persona

7

8              UNITED STATES DISTRICT COURT

9              CENTRAL DISTRICT OF CALIFORNIA

10  ROSEMARY GEARING as Trustee of     Case No.: CV 12-5039 PA (MANx)
                                       The Honorable Percy Anderson
11  the T.J.G. Private Annuity Trust, and   Courtroom 15
12  THOMAS GEARING, individually,

13           Plaintiffs,              **FIRST AMENDED COMPLAINT**

14       vs.                          Notice of Removal filed: 06/08/12

15  CHINA AGRITECH, INC., YU
    CHANG, YAU-SING TANG,
16  GENE MICHAEL BENNETT, XIAO
17  RONG TENG, MING FANG ZHU,
    ZHENG "ANNE" WANG, CHARLES
18  LAW, LUN ZHANG DAI, HAI LING
19  ZHANG, KABANI &
    COMPANY,INC., CROWE
20  HORWATH LLP, RODMAN &
21  RENSHAW, LLC, and DOES 1-100,

22

23           Defendants.

24       Plaintiffs Rosemary Gearing as Trustee of the T.J.G Private Annuity Trust

25  and Thomas Gearing hereby submit their First Amended Complaint, which is

26  attached herewith as Exhibit A.  Plaintiffs request that the First Amended

27

28



FILED
CLERK, U.S. DISTRICT COURT
JUN 1 9 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

RECEIVED
BUT NOT FILED
JUN 1 9 2012
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION
BY                    DEPUTY

1  Complaint be filed in its current state form[1] as the case will be remanded to state

2  court due to the fact that there is no diversity between the plaintiffs and the

3  defendants.  As alleged in the First Amended Complaint, one of the plaintiffs, Ms.

4  Rosemary Gearing, is a 26-year resident of California and at least one of the

5  defendants is a California corporation, and their principal place of business and

6  headquarters is in California.

7  DATED:  June 18, 2012                    Law Offices of Thomas J. Gearing

8

9

10                                          By: _____
                                            Attorneys for Plaintiffs MICHAEL
11                                          GEARING as Trustee  of the
                                            Thomas J. Gearing Private Annuity
12                                          Trust, and ROSEMARY GEARING
                                            as Trustee of the T.J.G. Private
13                                          Annuity Trust, and In Propria
                                            Persona

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

[1] Plaintiffs follow the example in *Stowers v. Boggs*, 1:09-CV-264 (N.D. Ohio) where plaintiffs
attached amended state pleading with federal cover sheet.

FIRST AMENDED COMPLAINT

PLD-PI-001

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Thomas J. Gearing, Esq. (SBN 121473)<br>Law Offices of Thomas J. Gearing<br>9000 South Las Vegas Blvd., Ste. 2060<br>Las Vegas, NV 89123<br>TELEPHONE NO: (702) 837-0766      FAX NO. *(Optional):*<br>E-MAIL ADDRESS *(Optional):* thomasgearing@aol.com<br>ATTORNEY FOR *(Name):* Rosemary Gearing as Trustee and Thomas Gearing | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: West District

PLAINTIFF: Rosemary Gearing as Trustee of the T.J.G Private Annuity Trust and Thomas Gearing

DEFENDANT: China Agritech, Inc., Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Katani & Company, Inc., Crowe Horwath LLP, Rodman & Renshaw, LLC

[✓] DOES 1 TO 100

**COMPLAINT—**
[✓] AMENDED *(Number):* One
Type *(check all that apply):*
[ ] MOTOR VEHICLE   [✓] OTHER *(specify):* Fraud, Negligence, Unjust Enrichment
  [ ] Property Damage   [ ] Wrongful Death
  [ ] Personal Injury   [✓] Other Damages *(specify):* Punitive Damages

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded   [ ] does not exceed $10,000
                    [ ] exceeds $10,000, but does not exceed $25,000
[✓] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER:
SC117290

1. **Plaintiff** *(name or names):* Rosemary Gearing as Trustee of the T.J.G. Private Annuity Trust and Thomas Gearing
   alleges causes of action against defendant *(name or names):*
   China Agritech, Inc., Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Katani & Company, Inc., Crowe Horwath LLP, Rodman & Renshaw, LLC

2. This pleading, including attachments and exhibits, consists of the following number of pages: 18

3. Each plaintiff named above is a competent adult
   a. [✓] except plaintiff *(name):* Rosemary Gearing who was a citizen of California at all times mentioned
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [✓] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [✓] other *(specify):* Residence: 2598 S. Westgate Ave., LA, CA 90064
      (5) [✓] other *(specify):* Trustee of the T.J.G. Private Annuity Trust
   b. [ ] except plaintiff *(name):*
      (1) [ ] a corporation qualified to do business in California
      (2) [ ] an unincorporated entity *(describe):*
      (3) [ ] a public entity *(describe):*
      (4) [ ] a minor  [ ] an adult
          (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
          (b) [ ] other *(specify):*
      (5) [ ] other *(specify):*

   [ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: Gearing v. China Agritech | CASE NUMBER: SC117290 |
|---|---|

4. ☐ Plaintiff *(name):*

is doing business under the fictitious name *(specify):*

and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person

a. ☑ **except** defendant *(name):* China Agritech, Inc.
   (1) ☐ a business organization, form unknown
   (2) ☑ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☐ other *(specify):*

c. ☑ **except** defendant *(name):* Crowe Horwath LLP
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☑ other *(specify):*
   A limited liability partnership
   See attachment

b. ☑ **except** defendant *(name):* Kabani & Company,
   (1) ☐ a business organization, form unknown
   (2) ☑ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☑ other *(specify):*
   See Attachment

d. ☑ **except** defendant *(name):* Rodman & Renshaw
   (1) ☐ a business organization, form unknown
   (2) ☐ a corporation
   (3) ☐ an unincorporated entity *(describe):*

   (4) ☐ a public entity *(describe):*

   (5) ☑ other *(specify):*
   A limited liability company. See attac

☑ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☑ Doe defendants *(specify Doe numbers):* 1-50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☑ Doe defendants *(specify Doe numbers):* 50-100 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☑ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☑ other *(specify):*
      The cause of action arose in this jurisdictional area.  At the time that plaintiffs received defendants' fraudulent statements and the times that plaintiffs bought and sold the subject stocks, plaintiffs were in area code 90064 and 90067.

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gearing v. China Agritech | SC117290 |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

a. ☐ Motor Vehicle
b. ☑ General Negligence
c. ☐ Intentional Tort
d. ☐ Products Liability
e. ☐ Premises Liability
f. ☑ Other *(specify)*:

 Fraud, Negligent Misrepresentation, Unjust Enrichment, Rescission and Punitive Damages.

11. Plaintiff has suffered

a. ☐ wage loss
b. ☐ loss of use of property
c. ☐ hospital and medical expenses
d. ☑ general damage
e. ☐ property damage
f. ☐ loss of earning capacity
g. ☑ other damage *(specify)*:

 Punitive Damages

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
a. ☐ listed in Attachment 12.
b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
a. (1) ☑ compensatory damages
   (2) ☑ punitive damages  ( 3) ☑ rescission )
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
   (1) ☐ according to proof
   (2) ☑ in the amount of: $ 203,000

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date:

June 18, 2012

_____
(TYPE OR PRINT NAME)

▶

_____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

MC-025

| SHORT TITLE:<br>Gearing v. China Agritech | CASE NUMBER:<br>SC117290 |
|---|---|

**ATTACHMENT** *(Number):* 5 _____

*(This Attachment may be used with any Judicial Council form.)*

5b. Defendant Kabani & Company, Inc., at all times relevant, was and is a California corporation with its principal place of business located at 6750 Andover Lane, Los Angeles, CA 90045.

5c. Defendant Crowe Harwath LLP, at all times relevant, was and is a California limited liability partnership, with its principal place of business in Sherman Oaks, California as they advertise the Crowe Horwath LLP network consisting of 150 independent accounting and management consulting firms.

5d. Defendant Rodman & Renshaw, LLC, at all times relevant was and is a Delaware limited liability company.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 4 of 18

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gearing v. China Agritech | SC117290 |

First                **CAUSE OF ACTION—Fraud**
_____
(number)

ATTACHMENT TO  [✓] Complaint  [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

FR- 1. Plaintiff *(name)*: Rosemary Gearing as Trustee of the T.J.G. Private Annuity Trust and Thomas Gearing

      alleges that defendant *(name)*: China Agritech, Inc., Chang, Tang, Bennett, Teng, Zhu, Wang, Law, Dai, Zhang, Kabani Company, Inc., Crowe Horwath LLP, Rodman Renshaw, LLC

      on or about *(date)*: 02/03/2011           defrauded plaintiff as follows:

FR-2. [✓] **Intentional or Negligent Misrepresentation**
      a. Defendant made representations of material fact    [✓] as stated in Attachment FR-2.a    [ ] as follows:

      b. These representations were in fact false. The truth was    [✓] as stated in Attachment FR-2.b    [ ] as follows:

      c. When defendant made the representations,
          [ ] defendant knew they were false, **or**
          [✓] defendant had no reasonable ground for believing the representations were true.

      d. Defendant made the representations with the intent to defraud and induce plaintiff to act as described
          in item FIR-5. At the time plaintiff acted, plaintiff did not know the representations were false and believed
          they were true. Plaintiff acted in justifiable reliance upon the truth of the representations.

FR-3. [✓] **Concealment**
      a. Defendant concealed or suppressed material facts    [✓] as stated in Attachment FR-3.a    [ ] as follows:

      b. Defendant concealed or suppressed material facts
          [ ] defendant was bound to disclose.
          [✓] by telling plaintiff other facts to mislead plaintiff and prevent plaintiff from discovering the concealed
            or suppressed facts.
      c. Defendant concealed or suppressed these facts with the intent to defraud and induce plaintiff to act
          as described in item IFIR-5. At the time plaintiff acted, plaintiff was unaware of the concealed or suppressed
          facts and would not have taken the action if plaintiff had known the facts.

                                                              Page    5

Form Approved for Optional Use
Judicial Council of California
PLD-C-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—Fraud**

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-C-001(3)

| SHORT TITLE:<br>Gearing v. China Agritech | CASE NUMBER:<br>SC117290 |
|---|---|

First _____   **CAUSE OF ACTION—Fraud**
  _(number)_

FR-4.  ☑  **Promise Without Intent to Perform**
    a.  Defendant made a promise about a material matter without any intention of performing it  ☐  as stated
        in Attachment FR-4.a  ☑  as follows:

    b. Defendant's promise without any intention of performance was made with the intent to defraud and induce
       plaintiff to rely upon it and to act as described in item FR-5. At the time plaintiff acted, plaintiff was unaware of
       defendant's intention not to perform the promise. Plaintiff acted in justifiable reliance upon the promise.

FR-5.  In justifiable reliance upon defendant's conduct, plaintiff was induced to act  ☑  as stated in Attachment FR-5
    ☐  as follows:

FR-6.  Because of plaintiff's reliance upon defendant's conduct, plaintiff has been damaged  ☐  as stated in
    Attachment FR- 6  ☑  as follows:
    $203,319.35

FIR - 7.  Other:

    The facts stated in the supplemental attachment attached herewith are hereby incorporated as
    reference into any and all causes of action stated in this first amended complaint. See attachment.

PLD-C-001(3) [Rev. January 1, 2007]          **CAUSE OF ACTION—Fraud**          Page 2 of 2

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gearing v. China Agritech | SC117290 |

**ATTACHMENT** *(Number):* FR-2a

*(This Attachment may be used with any Judicial Council form.)*

Defendants and each of them conspired and communicated with each other to create a common plan to defraud United States investors and the plaintiffs as follows:  The defendants by way of reverse merger merged themselves into China Agritech's corporation.  They represented by verbal communications, publications, financial statements that they were a very successful fertilizer company, had many operational factories in China, were producing large quantities of agricultural products, and had profits 10 times its actual revenue for fiscal 2009 and14 times its actual revenue for fiscal 2008.  False financial statements were prepared by the defendants and these false financial statements were filed with the United States Securities Exchange Commission ("SEC").

At all times relevant defendants and each of them, individually and through their friends and families and agents, held large quantities of China Agritech stock, which became unjustly inflated in value due to their intentional wrongful acts, and benefited extraordinarily when they sold the stock at the unjustifiable inflated price before their fraud was discovered and the stock crashed to $0.65.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 7 of 18

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: Gearing v. China Agritech | CASE NUMBER: SC117290 |
|---|---|

**ATTACHMENT** *(Number):* FR-2b

*(This Attachment may be used with any Judicial Council form.)*

The truth was that each defendant knew and understood that the factories were closed, boarded up, non-functional, some had only small amount of manufacturing equipment, that the factories were producing any agricultural products were producing extremely less quantities than claimed, that they were exchanging false contracts between their families friend and agents to make it appear like they were conducting legitimate businesses, that they filed official reports with China State Administration of Taxation and State Administration of Industry and Commerce reflecting income 1000% less than the documents reflecting their financial income with the SEC.  The defendants also kept two separate sets of financial books, one with the actual income and expense records and one with a complete fraudulent income and expense records.  When defendants' fraudulent scheme was discovered, China Agritech's stock, which at one time traded for $30, dropped to $.65, which is where it is trading as of June 5, 2012.

At all times relevant defendants and each of them, individually and through their friends and families and agents, held large quantities of China Agritech stock, which became unjustly inflated in value due to their intentional wrongful acts, and benefited extraordinarily when they sold the stock at the unjustifiable inflated price before their fraud was discovered and the stock crashed to $0.65.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 8 of 18

*(Add pages as required)*

Form Approved for Optional Use Judicial Council of California MC-025 [Rev. July 1, 2009]   **ATTACHMENT** to Judicial Council Form   www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gearing v. China Agritech | SC117290 |

**ATTACHMENT** *(Number):* FR-3a

*(This Attachment may be used with any Judicial Council form.)*

The defendants concealed that the factories were closed, boarded up, non-functional, some had only small amount of manufacturing equipment, that the factories were producing any agricultural products were producing extremely less quantities than claimed, that they were exchanging false contracts between their families friend and agents to make it appear like they were conducting legitimate businesses, that they filed official reports with China State Administration of Taxation and State Administration of Industry and Commerce reflecting income 1000% less than the documents reflecting their financial income with the SEC. The defendants concealed that they kept two separate sets of financial books, one with the actual income and expense records and one with a complete fraudulent income and expense records.

At all times relevant defendants and each of them, individually and through their friends and families and agents, held large quantities of China Agritech stock, which became unjustly inflated in value due to their intentional wrongful acts, and benefited extraordinarily when they sold the stock at the unjustifiable inflated price before their fraud was discovered and the stock crashed to $0.65.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page ___9___ of ___18___

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

*www.courtinfo.ca.gov*

MC-025

| SHORT TITLE: Gearing v. China Agritech | CASE NUMBER: SC117290 |
|---|---|

**ATTACHMENT** *(Number):* FR-4a

*(This Attachment may be used with any Judicial Council form.)*

Defendants and each of them promised as follows: They represented by verbal communications, publications, financial statements that they were a fertilizer company, had many operational factories in China, were producing large quantities of agricultural products, and had profits 10 times its actual revenue for fiscal 2009 and 14 times its actual revenue for fiscal 2008.

At all times relevant defendants and each of them, individually and through their friends and families and agents, held large quantities of China Agritech stock, which became unjustly inflated in value due to their intentional wrongful acts, and benefited extraordinarily when they sold the stock at the unjustifiable inflated price before their fraud was discovered and the stock crashed to $0.65.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 10 of 18

*(Add pages as required)*

MC-025

| SHORT TITLE:<br>Gearing v. China Agritech | CASE NUMBER:<br>SC117290 |
|---|---|

**ATTACHMENT** *(Number):* FR-5

*(This Attachment may be used with any Judicial Council form.)*

Plaintiff Thomas J. Gearing, an individual, purchased a total of 35,207 shares of CAGC stock on January 24, 25, and 27, 2011 at artificially inflated prices based upon CAGC's financial records filed with the United States Securities Exchange Commission ("SEC") and numerous press releases and statements issued by CAGC and its officers and directors.  Upon the disclosure of defendants' fraudulent act, on February 8, and February 9, 2011, respectively plaintiff Thomas J. Gearing sold 34,607 shares of CAGC stock at a loss and suffered damages as a result of the false and/or misleading and/or negligent statements and/or material omissions alleged herein.

Upon the disclosure of defendants' fraudulent act, on or about February 8, 2011 and February 9, 2011, the Thomas J. Gearing Private Annuity Trust now T.J.G. Private Annuity Trust sold a total of 34,607 shares of CAGC stock, which shares were acquired on January 24, 25, and 27, at a loss at the price of $9.13 to $9.50 per share.

CAGC continued to vehemently deny the allegations of fraud publicly and issued another press release responding to misleading allegations on February 10, 2011.  CAGC asserted among several other things that "the Company's factories are "fully operational and functional and revenues which have been reported in accordance with U.S. GAAP and audited by independent accountants are accurate." CAGC further asserted that its filings with the SEC are "accurate, correct and have been audited by independent accounting firms."

CAGC further refuted the allegations stating that "the Company's factories are fully operational, functioning and none are or have been for sale", that "[a]ll of these facilities are operating normally, that "[i]n addition to the Company's independent auditors, a number of analysts, media, and professional investors have visited the Company's production facilities, and that "the Company's Harbin facility has never been listed for sale." CAGC further confirmed that it "has the necessary licenses for the production of all of its fertilizer products" and "has obtained the necessary Formal Fertilizer Registration Certificate for all of our fertilizer products from the PRC Ministry of Agriculture.  In response to the allegation that suppliers cannot be located, CAGC asserted that "the Company's suppliers are publicly disclosed and have facilities near the Company."

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 11 of 18

*(Add pages as required)*

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gearing v. China Agritech | SC117290 |

**ATTACHMENT** *(Number):* FIR-7

*(This Attachment may be used with any Judicial Council form.)*

At all times relevant, plaintiffs did not discover the fraudulent acts by defendants China Agritech, Inc., Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw LLC until on or about February of 2011 and thereafter.

At all times relevant, defendants Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw, LLC knew or should have known that defendant China Agritech, Inc. maintained two separate and distinct sets of financial records and that China Agritech, Inc. had filed with the Chinese State Administration of Taxation and State Administration for Industry and Commerce for 2007, 2008, 2009 Annual Reports reflecting income approximately 1000% less than the documents reflecting China Agritech's financial income with the Securities and Exchange Commission for the same years. Additionally, defendants Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw, LLC failed to request, review and demand that defendant China Agritech, Inc. turn over the financial records filed with the Chinese State Administration of Taxation and State Administration for Industry and Commerce and include them in their review, audit, opinions, conclusions, financial reports. Furthermore, defendants Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw LLC failed to obtain them directly from the Chinese State Administration of Taxation and State Administration for Industry and Commerce.

Defendants Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodmand & Renshaw, LLC knew or should have known that there was a surge of Chinese companies filing documents with the SEC inserting different sets of numbers than their filing with the Chinese State Administration of Taxation and State Administration for Industry and Commerce documents. Had these defendants, namely Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman & Renshaw, LLC, merely reviewed these conflicting documents, they would have uncovered the discrepancies in these filings, reported them to the U.S. government and further avoided the dissemination of false information to the American public.

Defendant Rodman & Renshaw LLC prepared and approved the Registration Statement and Prospectus filed with the SEC on or about April 28, 2010, while knowing the information contained in those documents were false. The fact that defendant Rodman & Renshaw approved such documents further validated and bolstered the financial strength of defendant China Agritech at the time, which was later known to be false and in conflict with the documents representing defendant China Agritech's true financial state filed with the Chinese State Administration of Taxation and State Administration of Industry and Commerce.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 12 of 18

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gearing v. China Agritech | SC117290 |

ATTACHMENT (Number): FIR-7 cont'd.

*(This Attachment may be used with any Judicial Council form.)*

Alternatively, at all times relevant, defendants Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw LLC knew or should have known that defendant China Agritech, Inc. maintained two separate and distinct sets of financial record, they negligently failed to request, review and demand that defendant China Agritech, Inc. turn over the financial records filed with the Chinese State Administration of Taxation and State Administration for Industry and Commerce and include them in their review, audit, opinions, conclusions, financial reports filed with the SEC.

Defendant Kabani & Company, Inc. audited, reviewed, prepared, certified China Agritech, Inc.'s Annual Report and financial records for the year 2007 for the period ending on 12/31/2007 and filed on 03/28/2008 and signed off on the Annual Report for the period ending on 12/31/2008 filed on 03/31/2009 while knowing the information was false and/or alternatively, defendant Kabani & Company, Inc. failed to reasonably request, ask and demand to review China Agritech's full and complete financial records, including the filing they made with the Chinese State Administration of Taxation and State Administration of Industry and Commerce. As such, defendant Kabani & Company, Inc. was unreasonable and negligent in their accounting practices.

Defendant Crowe Horwath LLP audited, reviewed, prepared, certified China Agritech, Inc.'s Annual Report and financial records for the year 2008 for the period ending on 12/31/2008 and filed on 03/31/2009 and for the year 2009 for the period ending 12/31/2009 and filed on 04/01/2010 while knowing the information was false and/or alternatively, defendant Crowe Horwath LLP failed to reasonably request, ask and demand to review China Agritech's full and complete financial records, including the filing they made with the Chinese State Administration of Taxation and State Administration of Industry and Commerce. As such, defendant Crowe Horwath LLP was unreasonable and negligent in their accounting practices.

At all times relevant, plaintiffs read and reviewed the SEC filing statements for the year 2007, 2008, 2009, China Agritech's press releases, Registration Statement and Prospectus published by Rodman & Renshaw, LLC, and other publicly available information and were led to believe that the financial information published by defendants China Agritech, Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, the accounting firms Kabani & Company, Inc., Crowe Horwath LLP, and underwriter Rodman and Renshaw LLC were true, accurate and correct, which then caused plaintiffs to purchase China Agritech's stock and subsequently suffered damages in the amount of $203,319.35.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 13 of 18

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
|  | SC117290 |

<u>Second</u>      **CAUSE OF ACTION—General Negligence**    Page   <u>14</u>
(number)

ATTACHMENT TO ☑ Complaint ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: Rosemary Gearing as Trustee and Thomas Gearing

alleges that defendant *(name)*: China Agritech, Inc., Chang, Tang, Bennett, Teng, Zhu, Wang, Law ,
Dai, Zhang, Kabani & Company, Inc. , Crowe Horwath LLP, Rodman
& Renshaw, LLC

☑ Does   1    to   100

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant
negligently caused the damage to plaintiff

on *(date)*: February 3, 2011
at *(place)*: Zip Code 90064 (Santa Monica) and 90067 (Century City), California

*(description of reasons for liability)*:

All defendants failed to act reasonably and were negligent by engaging in the following conduct:
Defendants and each of them talked to each other to create a common plan to obtain investors'
money from the United States. The defendants by way of reverse merger merged themselves into
China Agritech's corporation. They unreasonably, by verbal communications, publications, and
financial statements overstated that they were a very successful fertilizer company, had many
operational factories in China, were producing large quantities of agricultural products, and had
profits much larger than they actually were. Financial statements were prepared without
reasonable care by the defendants and these unreasonable financial statements were filed with the
United States Securities Exchange Commission ("SEC"). Each defendant negligently failed to
realize that the factories were closed, boarded up, non-functional, some had only small amount of
manufacturing equipment, that the factories were producing any agricultural products were
producing extremely less quantities than claimed, and they were exchanging contracts without
reasonable care that were negligently drafted by their families friend and agents to make it
unreasonably appear like they were conducting legitimate businesses, and they negligently filed
official reports with China State Administration of Taxation and State Administration of Industry
and Commerce inaccurately reflecting income 1000% less than the documents reflecting their
financial income with the SEC. The defendants inadvertently and by sloppy inaccurate booking
record kept two separate sets of financial books, one with an approximate income and expense
records and one with sloppy inaccurate income and expense records. When defendants'
negligence was discovered, China Agritech's stock, which at one time traded for $30, dropped to
$.65, which is where it is trading as of June 4, 2012.
At all times relevant defendants and each of them, individually and through their friends and
families and agents, held large quantities of China Agritech stock, which became unjustly inflated
in value due to their intentional wrongful acts, and benefited extraordinarily when they sold the
stock at the unjustifiable inflated price before their negligence was discovered and the stock
crashed to $0.65.
See attachment.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]

**CAUSE OF ACTION—General Negligence**

Code of Civil Procedure 425.12
www.courtinfo.ca.gov

MC-025

| SHORT TITLE:<br>Gearing v. China Agritech | CASE NUMBER:<br>SC117290 |

ATTACHMENT *(Number)*: __GN cont'd.__

*(This Attachment may be used with any Judicial Council form.)*

Alternatively, at all times relevant, defendants Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw LLC knew or should have known that defendant China Agritech, Inc. maintained two separate and distinct sets of financial record, they negligently failed to request, review and demand that defendant China Agritech, Inc. turn over the financial records filed with the Chinese State Administration of Taxation and State Administration for Industry and Commerce and include them in their review, audit, opinions, conclusions, financial reports filed with the SEC.

Defendant Kabani & Company, Inc. audited, reviewed, prepared, certified China Agritech, Inc.'s Annual Report and financial records for the year 2007 for the period ending on 12/31/2007 and filed on 03/28/2008 and signed off on the Annual Report for the period ending on 12/31/2008 filed on 03/31/2009 while knowing the information was false and/or alternatively, defendant Kabani & Company, Inc. failed to reasonably request, ask and demand to review China Agritech's full and complete financial records, including the filing they made with the Chinese State Administration of Taxation and State Administration of Industry and Commerce. As such, defendant Kabani & Company, Inc. was unreasonable and negligent in their accounting practices.

Defendant Crowe Horwath LLP audited, reviewed, prepared, certified China Agritech, Inc.'s Annual Report and financial records for the year 2008 for the period ending 12/31/2008 and filed on 03/31/2009 and for the year 2009 for the period ending 12/31/2009 and filed on 04/01/2010 while knowing the information was false and/or alternatively, defendant Crowe Horwath LLP failed to reasonably request, ask and demand to review China Agritech's full and complete financial records, including the filing they made with the Chinese State Administration of Taxation and State Administration of Industry and Commerce. As such, defendant Crowe Horwath LLP was unreasonable and negligent in their accounting practices.

At all times relevant, plaintiffs read and reviewed defendant China Agritech, Inc.'s SEC filing statements, including but not limited to Annual Reports for the year 2007, 2008, 2009, Registration Statement and Prospectus prepared and published by defendant Rodman & Renshaw, LLC, press releases, and other publicly available information and were led to believe that the financial information published by defendants China Agritech, Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, the accounting firms Kabani & Company, Inc., Crowe Horwath LLP, and underwriter Rodman and Renshaw LLC were true, accurate and correct, which then caused plaintiffs to purchase China Agritech's stock and subsequently suffered damages in the amount of $203,319.35.

At all times relevant, plaintiffs did not discover the negligent acts by defendants China Agritech, Inc., Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw LLC until on or about February of 2011 and thereafter.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __15__ of __18__

*(Add pages as required)*

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

PLD-PI-001(3)

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Gearing v. China Agritech | SC117290 |

Third_____ **CAUSE OF ACTION—** Unjust Enrichment **Page** 16____

(number)

ATTACHMENT TO ☑ Complaint    ☐ Cross - Complaint

*(Use a separate cause of action form for each cause of action.)*

IT-1. Plaintiff *(name):*   Rosemary Gearing as Trustee of the T.J.G. Private Annuity Trust and Thomas Gearing

alleges that defendant *(name):*   China Agritech, Inc., Chang, Tang, Bennett, Teng, Zhu, Wang, Dai, Law, Zhang, Kabani & Company, Inc., Crowe Horwath LLP, Rodman & Renshaw, LLC

☑ Does 1_____   to   100_____

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant intentionally caused the damage to plaintiff
on *(date)* or about 2/3/11
at *(place)* zip code 90064 (Santa Monica) and 90067 (Century City), California

*(description of reasons for liability):*

Plaintiffs repeat, reallege, adopt, and incorporate by reference all statement of facts and each and every allegation contained in the First Cause of Action for Fraud and the Second Cause of Action for Negligence, inclusive, as though fully set forth therein.

As a direct and proximate result of defendants' misconduct as set forth above, defendants have been unjustly enriched to plaintiffs' detriment.  Therefore, plaintiffs request to be made whole by  damages in the amount of $203,000 or alternatively, rescission.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(3) [Rev. January 1, 2007]

**CAUSE OF ACTION—**

Code of Civil Procedure, § 425.12
*www.courtinfo.ca.gov*

PLD-PI-001(6)

| SHORT TITLE:<br>Gearing v. China Agritech | CASE NUMBER: |
| --- | --- |

### Exemplary Damages Attachment

Page _____ 17

ATTACHMENT TO  [✓] Complaint  [ ] Cross - Complaint

EX-1. As additional damages against defendant *(name):*

China Agritech, Inc., Chang, Tang, Bennett, Teng, Zhu, Wang, Law, Dai, ~~Land~~, Zhang, Kabani & Company, Inc., Crowe Horwath LLP, Rodman & Renshaw, LLC

Plaintiff alleges defendant was guilty of

[✓] malice

[✓] fraud

[✓] oppression

as defined in Civil Code section 3294, and plaintiff should recover, in addition to actual damages, damages to make an example of and to punish defendant.

EX-2. The facts supporting plaintiff's claim are as follows:

    Defendants and each of them conspired and communicated with each other to create a common plan to defraud United States investors and the plaintiffs as follows:  The defendants by way of reverse merger merged themselves into China Agritech's corporation.  They represented by verbal communications, publications, financial statements that they were a very successful fertilizer company, had many operational factories in China, were producing large quantities of agricultural products, and had profits 10 times its actual revenue for fiscal 2009 and 14 times its actual revenue for fiscal 2008.  False financial statements were prepared by the defendants and these false financial statements were filed with the United States Securities Exchange Commission ("SEC").

    The truth was that each defendant knew and understood that the factories were closed, boarded up, non-functional, some had only small amount of manufacturing equipment, that the factories were producing any agricultural products were producing extremely less quantities than claimed, that they were exchanging false contracts between their families friend and agents to make it appear like they were conducting legitimate businesses, that they filed official reports with China State Administration of Taxation and State Administration of Industry and Commerce and reflecting income 1000% less than the documents reflecting their financial income with the SEC. The defendants also kept two separate sets of financial books, one with the actual income and expense records and one with a complete fraudulent income and expense records.  When defendants' fraudulent scheme was discovered, China Agritech's stock, which at one time traded for $30, dropped to $.65, which is where it is trading as of June 5, 2012.

    As to defendant China Agritech, Inc., corporate China Agritech, Inc. through their corporate officers, ratified, approved and condoned their CEO's, CFO's, COO's, Boards of Directors's, co-defendants', agents', employees', retained accountants' actions and representations by reviewing, auditing, and approving the records and documents pertaining to defendants' financial records and published statements and reports about their financial strength, the status and output of their production facilities while knowing that such information and records were false.  Defendants intended that plaintiffs rely on defendants' representations, all with full knowledge that such representations were not true.

EX-3. The amount of exemplary damages sought is

    a. [ ]  not shown, pursuant to Code of Civil Procedure section 425.10.

    b. [✓]  $ 4,000,000

Page 1 of 1

**Exemplary Damages Attachment**

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Gearing v. China Agritech | SC117290 |

ATTACHMENT *(Number)* EX-2 _____

*(This Attachment may be used with any Judicial Council form.)*

Furthermore, when defendant China Agritech, Inc.'s corporate officers discovered the fraudulent misrepresentations, they failed to discipline and/or terminate their respective CEO, CFO, COO, Boards of Directors, co-defendants, agents, employees, retained accountants nor did they take any corrective measures, thereby ratifying and condoning their actions. Defendants intended that plaintiffs rely on the representations, all with full knowledge that such representations were not true.

As to defendants Kabani and Company, Inc. and Crowe Horwath LLP accounting firms and Rodman & Renshaw, LLC underwriting firm, defendants through their corporate officers ratified, approved and condoned their agents' and employees' actions and the actions of China Agritech, Inc., and China Agritech's CEO, CFO, COO, Boards of Directors, co-defendants, agents, employees by reviewing, auditing, and approving the records and documents pertaining to China Agritech's financial records and published statements and reports about China Agritech's financial strength, the status and output of their production facilities while knowing that such information and records were false.

Additionally, when defendants' corporate officers discovered the fraudulent misrepresentations, defendants Kabany & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw, LLC, failed to discipline and/or terminate their respective agents and employees nor did they take any corrective measures, thereby ratifying and condoning their actions. Defendants intended that plaintiffs rely on the representations, all with full knowledge that such representations were not true.

At all times relevant, plaintiffs read and reviewed the SEC filing statements for the year 2007, 2008, 2009, China Agritech's press releases, Registration Statement and Prospectus published by Rodman & Renshaw, LLC, and other publicly available information and were led to believe that the financial information published by defendants China Agritech, Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, the accounting firms Kabani & Company, Inc., Crowe Horwath LLP, and underwriter Rodman and Renshaw LLC were true, accurate, and correct, which then caused plaintiffs to purchase China Agritech's stock and subsequently suffered damages in the amount of $203,319.35.

At all times relevant, plaintiffs did not discover the fraudulent acts by defendants China Agritech, Inc., Yu Chang, Yau-Sing Tang, Gene Michael Bennett, Xiao Rong Teng, Ming Fang Zhu, Zheng "Anne" Wang, Charles Law, Lun Zhang Dai, Hai Ling Zhang, Kabani & Company, Inc., Crowe Horwath LLP, and Rodman and Renshaw LLC until on or about February of 2011 and thereafter.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 18 of 18

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov