JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-05039-RGK (PJWx) | Date | July 16, 2012 |
|---|---|---|---|
| Title | ROSEMARY GEARING et al v. CHINA AGRITECH, INC. et al. | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:**     (IN CHAMBERS) Order Re: Plaintiff's Motion for Remand (DE 11)

**I.     INTRODUCTION**

On June 5, 2012, Thomas J. Gearing and the T.J.G. Private Annuity Trust ("Trust"), with Rosemary Gearing serving as its Trustee (collectively, "Plaintiffs"), filed a Complaint against China Agritech, Inc. ("Agritech"), Kabani and Company ("Kabani"), Crowe Horwatch ("Crowe")(together, "Auditor Defendants"), and a number of Individual Defendants (collectively, "Defendants") in the Superior Court for the County of Los Angeles. Plaintiffs allege claims for (1) fraud, (2) negligence, (3) negligent misrepresentation, and (4) unjust enrichment.

On June 8, 2012, Agritech filed a Notice of Appearance and Acceptance of Service and removed the case to this Court on the grounds of diversity jurisdiction. The Auditor Defendants and the Individual Defendants have yet to be served.

Presently before the Court is Plaintiffs' Motion to Remand ("Motion"). For the following reasons, the Court **GRANTS** Plaintiffs' Motion.

**II.     FACTUAL BACKGROUND**

Agritech is a holding company incorporated in Delaware with its principal place of business in Beijing, China. Agritech's subsidiaries manufacture and distribute organic compound fertilizers for agricultural use in China. Kabani and Crowe are former auditors of Agritech. Kabani is incorporated in California and has its principal place of business in California. Crowe is an independent member of Crowe Horwath International. Each member

firm of Crowe Horwath International operates as a separate and independent legal entity.[1] Plaintiff Thomas Gearing is a citizen of Nevada and the Trust's citizenship is based on that of its Trustee, Rosemary Gearing.

Plaintiffs allege that in January 2011, they purchased 35,207 shares of Agritech stock. Plaintiffs allege that they purchased the stock at an inflated price because Agritech filed fraudulent records with the United States Securities Exchange Commission. Upon discovery of the alleged fraudulent disclosures, Plaintiffs sold 34,607 shares at a significant loss on February 8, 2011 and February 9, 2011.

Plaintiffs repurchased 21,500 shares on March 11, 2011 after Agritech released statements assuring investors that it was not involved in any fraudulent acts. On March 14, 2011, the Nasdaq delisted and halted trading of Agritech stock. On May 20, 2011, Agritech's stock reopened on the pink sheets.[2] Plaintiffs subsequently sold their 21,500 shares at a significant loss.

Plaintiffs allege that Defendants conspired and communicated with each other to create a common plan to defraud investors in the United States. Plaintiffs allege that through the filing of false financial statements, Defendants were able to inflate the value of Agritech's stock. By selling the stock at the inflated price, Defendants were then able to enrich themselves at the expense of other investors.

### III.    JUDICIAL STANDARD

A defendant may remove a case from state court when the federal court has original jurisdiction. 28 U.S.C. § 1441(a). Original jurisdiction exists either when a claim "aris[es] under the Constitution, laws, or treaties of the United States" or when the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331-32. Federal courts must "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The strong presumption against removal jurisdiction places the burden on the defendant to show by a preponderance of evidence that removal is proper. *Id.* at 566.

### IV.    DISCUSSION

Plaintiffs argue that the Case must be remanded because complete diversity does not exist and therefore jurisdiction does not exist under 28 U.S.C. § 1332. The Court agrees.

Neither party argues that jurisdiction in this Court could be based on the existence of a federal question. The only question is whether diversity jurisdiction applies. *See Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 370 (1978). Diversity jurisdiction applies only "to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In this case, complete diversity does not exist because Kabani and the Trust are both

---

[1] Crowe is a Limited Liability Partnership with four offices located in California. Presumably, Crowe is a citizen of California, but because the Court does not have direct evidence of where Crowe's partners are domiciled, the Court will not consider Crowe's citizenship in its analysis.

[2] Pink sheets refer to a securities trading system that is not regulated by the Securities and Exchange Commission. Companies are not required to file periodic reports or audited financial statements. Securities on the pink sheets are considered to be highly risky. *OTC Markets Group Inc.*, U.S. Securities and Exchange Commission, http://www.sec.gov/answers/pink.htm (last visited July 6, 2012).

citizens of California. The citizenship of the Trust is determined by the citizenship of its Trustee, Rosemary Gearing. *See Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). At the time the Complaint was filed, Rosemary Gearing was residing in California.[3] Citizenship is determined at the time filing takes place. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004). Residence is not normally enough to prove citizenship. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) (holding that a person is a citizen of a state in which he resides *with the intention to remain*). However, the Supreme Court has held that "[w]here a person lives, is taken *prima facie* to be his domicile, until other facts establish the contrary." *Ennis v. Smith*, 55 U.S. 400, 423 (1852). Because Defendants have not established facts to the contrary, the Court finds that Rosemary Gearing, and therefore the Trust, were citizens of California at the time the Complaint was filed. Because Kabani and the Trust are citizens of California, complete diversity does not exist.

Defendants argue that complete diversity does exist because joinder of the Auditor Defendants is fraudulent and their citizenship should be disregarded. *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) (holding that courts must disregard a nondiverse party if no cause of action can be stated against that party). The Court finds this argument unavailing.

When deciding if a party is fraudulently joined, a court must "determine whether the plaintiff failed to state a claim against [that party] under the settled law of the state." *Murakami v. E.L. DuPont De Nemours and Co.*, 191 F.3d 460, 462 (9th Cir. 1999). Plaintiffs allege four claims against the Auditor Defendants: (1) general negligence; (2) fraud; (3) negligent misrepresentation; and (4) unjust enrichment.

The Court agrees with Defendants' argument that two of Plaintiffs' claims fail. Under California law, "there is no cause of action for unjust enrichment." *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (Cal. Ct. App. 2006). Nor can Plaintiffs recover from the Auditor Defendants on a pure negligence theory under California law. *See Bily v. Arthur Young & Co.*, 3 Cal. 4th 370, 406 (Cal. 1992) (holding that an auditor can only be liable to its client for the negligent conduct of an audit).

However, it is *possible* that Plaintiff could recover under a theory of fraud or negligent misrepresentation against the Auditor Defendants. The Ninth Circuit has held that a nondiverse defendant is a sham defendant if a plaintiff could not *possibly* recover against that defendant. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426-27 (9th Cir. 1989). A defendant must prove that recovery is impossible with clear and convincing evidence. *See Hamilton Materials, Inc. v. Dow Chem Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

In this instance, Defendants fail to provide clear and convincing evidence that recovery is impossible against the Auditor Defendants for fraud or negligent misrepresentation. Defendants argue that Plaintiffs' claims for fraud and negligent misrepresentation do not meet the heightened pleading standards required for those claims.[4] Defendants also argue that it is unlikely that Plaintiffs will ever be able to plead the facts necessary to recover against the

---

[3] Even though Rosemary Gearing's citizenship is not readily ascertainable from the original Complaint, Plaintiffs have since provided a declaration that shows that Rosemary Gearing was living in California when the original Complaint was filed. (Gearing Decl., 1-2).

[4] In their brief, Defendants refer to the pleading standards set forth by California law. However, once a case is removed to federal court, it is subject to the Federal Rules of Civil Procedure. *See Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (holding that federal pleading rules apply regardless of whether substantive law at issue is state or federal).

Auditor Defendants. This argument is unavailing because it is based on mere speculation rather than clear and convincing evidence. *See Hamilton*, 494 F.3d at 1206. Defendants fail to show that Plaintiffs have no possibility of amending their Complaint in order to meet the heightened pleading standards. *See Padilla v. AT & T Corp.*, 597 F. Supp. 1156, 1159 (C.D. Cal. 2009) ("Remand must be granted unless the defendant shows that the plaintiff would not be afforded leave to amend his complaint to cure [the] purported deficiency."). Thus, because Plaintiffs can potentially state a claim against the Auditor Defendants for fraud or negligent misrepresentation, the Auditor Defendants are not sham defendants.

Therefore the citizenship of the Auditor Defendants is relevant for determining whether diversity jurisdiction exists. The Court has found that diversity jurisdiction does not exist and therefore remand is proper.

## V.    CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand.

**IT IS SO ORDERED.**

|                    | :       |
|--------------------|---------|
| Initials of Preparer | slw     |